UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Altarum Institute, a Michigan non-profit corporation,

    Plaintiff/Counter-Defendant,

v.

Steven E. Hoeft, an individual,

    Defendant/Counter Plaintiff,

and

Gerard A. Berlanga, an individual, Brock Husby, an individual, Dennis E. Raymer, an individual, David A. Scottow, an individual, and Scott & White Healthcare System, a Texas non-profit organization, and Institute for Lean Healthcare Strategies, a Texan non-profit organization, jointly and severally,

    Defendants.
_____/

Case No. 12-12966

Honorable Nancy G. Edmunds

### ORDER DENYING PLAINTIFF/COUNTER-DEFENDANT ALTARUM'S MOTION FOR JUDGEMENT ON THE PLEADINGS WITH RESPECT TO THE COUNTERCLAIM FOR INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONSHIP [Dkt. 72]

Currently before the Court is Plaintiff/Counter-Defendant Altarum's motion for judgment on the pleadings with respect to Defendant/Counter-Plaintiff Steven Hoeft's counterclaim for intentional interference with a business relationship pursuant to Federal Rule of Civil Procedure 12(c). For the reasons stated below, the Court DENIES Altarum's motion.

**I.     FACTS**

The underlying action in this case has a lengthy fact pattern involving seven defendants, including Hoeft. For the purposes of this motion, a concise statement of the underlying case will suffice to put the facts relevant to this motion in context.

**A. Contextual background**

Hoeft was employed, on and off, by Altarum for several years. Hoeft specializes in a specific style of business consulting, called Lean Six Sigma, or LSS, that teaches companies to increase efficiencies and reduce errors. As an Altarum employee, Hoeft led a team of consultants. Eventually, Hoeft left Altarum and went to work in-house for one of Altarum's clients. Hoeft took several members of his team with him. Hoeft's departure from Altarum is at the core of the underlying lawsuit.

**B. Hoeft's Relationship with the University of Michigan**

While he was still working for Altarum, Hoeft also regularly taught multi-day seminars at the University of Michigan ("Michigan"). Countercl. ¶ 1-2. The precise details of Hoeft's relationship with Michigan have not been pleaded, however, Hoeft claims that Michigan regularly scheduled Hoeft to teach courses month after month, year after year, for almost ten years. *Id.* at ¶ 1-7. Hoeft claims that he earned approximately $100,000.00 per year from his teaching work at Michigan from 2002 through 2011. *Id. at* ¶ 5.

Hoeft claims that in retaliation for his resignation, Altarum contacted Michigan with the intent of causing Michigan to end its relationship with Hoeft, and that as a result, Michigan did end its relationship with Hoeft. *Id.* at ¶ 8-13. Specifically, Michigan cancelled classes that Hoeft was already scheduled to teach, and notified him that he would not be hired to teach any more classes. *Id.* at ¶ 13-14.

Hoeft claims that the abrupt cessation of his relationship with Michigan was the result of Altarum's intentional interference, and that he has suffered damages. *Id.* at 13-15.

## II. ANALYSIS

### A. The standard on a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(c) allows a party to "move for judgment on the pleadings." It is well established that when considering a motion under Rule 12(c), a district court employs the same standard as it would for a motion to dismiss under Rule 12(b)(6). *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012). When challenged with a Rule 12(c) motion, therefore, "a complaint only survives...if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich,* 668 F.3d at 403 (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). The Sixth Circuit has also noted that under *Iqbal*, "[a] claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Estate of Barney v. PNC Bank, Nat'l Assoc.,* 714 F.3d 920, 924-25 (6th Cir. 2013) (internal quotations and citations omitted). Furthermore, "[w]hile the plausibility standard is not akin to a 'probability requirement,' the plausibility standard does ask for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). If the plaintiffs do "not nudge[ ] their claims across the line from conceivable to plausible, their complaint must be dismissed."

*Twombly*, 550 U.S. at 570. Finally, the Court must always keep in mind that "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 555.

Of note to this motion, when a movant submits matters outside of the pleadings in support of a Rule 12(c) motion, Federal Rule of Civil Procedure 12(d) requires a court to either convert the motion into a Rule 56 motion for summary judgment or to exclude the extraneous evidence from its consideration of the motion.

### B. Hoeft's counterclaim sufficiently alleges facts to support a claim for intentional interference with a business relationship.

As a preliminary matter, the Court notes that Altarum bases a large part of its argument in favor of dismissal on statements made by Hoeft in a deposition. If the Court were to consider those statements, it would have to convert this motion into a Rule 56 motion for summary judgment. Fed. R. Civ. P. 12(d). Hoeft contends that converting this motion into a Rule 56 motion would be "premature." The Court agrees. A look at the current status of this case reveals ongoing discovery disputes, with a new discovery deadline set for the end of March 2014. It would indeed be premature to consider a motion for summary judgment at this point, as there will likely be substantially more evidence for the Court to consider by April 2014. As such, for the purposes of this motion, the Court will exclude the testimony from the deposition transcript submitted by Altarum, and the two exhibits submitted by Hoeft.

#### 1. Hoeft's counterclaim is not conclusory

Altarum argues that Hoeft's counterclaim is based on conclusory allegations that, under *Iqbal*, do not require the assumption of truth. Specifically, Altarum points to

Paragraphs 9 through 12 of Hoeft's counterclaim as being conclusory allegations meriting dismissal. The Court does not find Hoeft's allegations to be conclusory. Hoeft's counterclaim would be conclusory if it simply stated that Altarum intentionally interfered with his relationship with Michigan and that he suffered damages. However, Hoeft's counterclaim alleges that: 1) Hoeft had an ongoing business relationship with Michigan; 2) Altarum knew of Hoeft's relationship with Michigan; 3) Altarum contacted Michigan after Hoeft's resignation; 4) Michigan ceased its relationship with Hoeft shortly after being contacted by Altarum; and 5) Hoeft has not performed any work for Michigan since it ceased their relationship, and as a result has suffered damages.

Altarum's argument that these allegations are "unsupported" are unavailing, as the *Iqbal/Twombly* standard simply requires specificity in the pleadings, not evidentiary support for them. That is, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Estate of Barney,* 714 F.3d at 924-25. Here, Hoeft has "plead[ed] factual content," specifically alleging his relationship with Michigan, the value of the relationship, Altarum's knowledge of the relationship, Altarum's contact with Michigan, and the cessation of the relationship after Altarum's contact with Michigan.

**2. Hoeft has set forth a claim for intentional interference with a business relationship under Michigan law**

The Sixth Circuit, in *Lucas v. Monroe County,* 203 F.3d 964, 978–79 (6th Cir.2000), laid out the elements of a claim for intentional interference with a business relationship in Michigan. The *Lucas* court stated that:

5

> [t]he elements of a claim for tortious interference with economic relations are: (i) the existence of a valid business relationship or expectancy; (ii) knowledge of the relationship or expectancy on the part of the defendant; (iii) intentional interference causing or inducing a termination of the relationship or expectancy; and (iv) resultant actual damage.

*Lucas*, 203 F.3d at 978-79. As noted above, Hoeft has alleged facts that support the four elements laid out in *Lucas*.

Altarum relies on *Dorman Products, Inc. v. Dayco Products, LLC*, 749 F. Supp. 2d 630, 641 (E.D. Mich. 2010) and *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 772 (E.D. Mich. 2010) to demonstrate that Hoeft has failed to state a claim. In both of those cases, however, the court was faced with allegations of tortious interference with economic relations in the setting of companies competing for business in a marketplace. Such a setting makes pleading interference with economic relations extremely difficult because the factual allegations can easily be construed as normal competitive behavior, as they were in both *Dorman* and *Maiberger*.

This case differs in that there are no allegations that Hoeft and Altarum were both competing for Michigan's business. Indeed, while Altarum may have had a legitimate reason for contacting Michigan, the facts alleged by Hoeft permit the Court to "to draw the reasonable inference that" Altarum acted maliciously in the wake of Hoeft's abrupt resignation, and contacted Michigan intent on disrupting Hoeft's ongoing teaching schedule. *Estate of Barney,* 714 F.3d at 924-25.

The Court, therefore, DENIES Altarum's Rule 12(c) motion for judgment on the pleadings.

6

## III. CONCLUSION

For the reasons stated above, specifically because Hoeft has sufficiently stated a claim for which relief can be granted, the Court hereby DENIES Altarum's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

SO ORDERED.

                                                  s/Nancy G. Edmunds
                                                  Nancy G. Edmunds
                                                  United States District Judge

Dated: December 5, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 5, 2013, by electronic and/or ordinary mail.

                                                  s/Johnetta M. Curry-Williams
                                                  Case Manager
                                                  Acting in the Absence of Carol A. Hemeyer